UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

HARLAN EDWARD McINTOSH                                                                   PLAINTIFF

v.                                                           CIVIL ACTION NO. 4:11CV-P36-M

RON HERRINGTON *et al.*                                                                  DEFENDANTS

## MEMORANDUM OPINION

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On March 23, 2011, the Clerk of Court issued a deficiency notice to Plaintiff directing him to file a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint (DN 4). On March 31, 2011, the U.S. Postal Service returned the deficiency notice to the Court (DN 5). The envelope was marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and was stamped "No Longer at HCDC."

Apparently, Plaintiff is no longer incarcerated at the Henderson County Detention Center, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
4414.005